Freedman, J. (dissenting).
The appellants having consented, on the argument, to turn their respective appeals into motions for a new trial, under section 368 of the Code, for the reason that the judgment is interlocutory merely, and the General Term having thereupon entertained the said motions, I have arrived, after a most critical examination of the questions of fact and of law, at the conclusion that the motions should be denied and the judgment affirmed upon the grounds assigned by the learned judge below. His findings of fact are fully supported by the evidence, the conclusions of law at which he arrived justified by the facts, and his exposition of the law applicable to the peculiar features of this case is well defined.
*104 I will add, that on the argument I felt strongly inclined to differ with him upon the question relating to the burden of proof under the statute of limitations. It then appeared to me highly improbable that the Code, which assimilated legal and equitable remedies and abolished the forms of former actions, had worked a change upon that point. But, upon investigation, I have satisfied myself that the rule laid down and applied to this case is the correct and proper one, and as such should be followed in preference to the rule to the contrary laid down by the Supreme Court in Errickson v. Quinn, 3 Lansing Rep. 299. The action is one which, before the Code, was solely cognizable by a Court of Chancery. There was no remedy at law for such a fraud. By the Revised Statutes, by which the first attempt was made to regulate limitations in equity by express enactments, it was provided that bills for relief, on the ground of fraud, shall be filed within six years after the discovery, by the aggrieved party, of the facts constituting such fraud, and not after that time (3 Rev. St. 301, § 51); and this statute was held to give six years aftér the discovery of the fraud, on a bill filed, in cases where there was a concurrent remedy at law. But the Code has changed the rule and limited the action for relief, on the ground of fraud, in such cases, to that class of actions which were solely cognizable by a Court of Chancery (Foot v. Farrington, 41 N. Y. 170).
The language of the sixth subdivision of section 91 of the Code is as follows :
“ An action for relief on the ground of fraud, in cases ‘1 which heretofore were solely cognizable by the Court “ of Chancery; the cause of action in such cases not to • ‘ be deemed to have accrued, until the discovery by the, “ aggrieved party of the facts constituting the fraud.”
As pointed out by Grover, J., in Gates v. Andrews, 37 N. Y. 658, the provision is, not that the cause shall *105 accrue upon such discovery, hut, to prevent the running of the statute, it shall not he deemed to have accrued before such discovery, thereby providing for a class of cases where the right of action is perfect, but might become barred by the statute, before the discovery of tlie facts.
The case at bar belongs to this class. The defendant insists that plaintiff5 s cause of action accrued more than six years before the commencement of the action, and consequently is barred. To make this defence available, he set it up as a distinct and separate defence in the answer. This he had to do in order to be in a position to claim the benefit of the statute, for section 74 of the Code expressly provides that the objection, that the action was not commenced within the time limited, can only be taken by answer, and an omission to plead the statute, and going to trial without doing so, notwithstanding the claim is clearly barred on its face, has repeatedly been held to preclude the defendant from invoking the statute. In such case the defendant was held to have made his election to stand upon the other defences actually pleaded.
How in order to give full effect to the statutory requirement, that the objection can be taken by answer only, and to maintain the principle of the numerous decisions made under it, that a defendant who has not thus pleaded cannot invoke the aid of the statute in any manner, although the claim is barred on its face, it seems to me to be necessary to hold, that under the sixth subdivision of section 91, as it now stands, plaintiffs cause of action is not to be deemed to have accrued more than six years prior to the commencement of the action, unless it is made to appear by way of defence, that the discovery of the facts constituting the fraud occurred more than six years before suit brought. In other words, the cause is not to be deemed outlawed in the absence of evidence fixing the time of the discovery.
*106 The legislature probably intended, as suggested below, that he who commits a fraud, against which equity alone can give relief, and who necessarily strives to conceal it, shall not be permitted to escape the consequences of his acts through a plea of the statute of limitations, unless he is able to establish that plea by evidence adduced on his behalf. ' But whether such was or was not the true reason which led to the legislative enactment, is not very important. The bare suggestion of the proposition is of sufficient importance to authorize the construction above referred to, in the absence of statutory provisions calling for a different rule.
If I am correct in these views, it follows that the court below had no right to determine, without proof, the particular time from which the running of the statute is to be computed, and as the defendant had wholly failed to give evidence in support of his plea, and the plaintiff on the other hand had given some evidence, which, although insufficient to establish the precise time of the discovery, yet tended to show that it was within six years, it was properly held that the action is not barred.
The motions for a new trial should be denied, and the judgment affirmed with costs.